527 So.2d 57 (1988)
C. Jerre LLOYD, Plaintiff-Appellant,
v.
Joe J. TRITICO and Joe J. Tritico, a Professional Law Corporation, Defendants-Appellees.
No. 87-248.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
Writ Denied June 2, 1988.
*58 Fournet & Adams, James J. Adams, John McCarthy, Lafayette, for plaintiff-appellant.
Scofield, Bergstedt, etc., J. Michael Veron, Lake Charles, for defendants-appellees.
Before FORET and LABORDE, JJ., and REGGIE, J. Pro Tem.[*]
LABORDE, Judge.
C. Jerre Lloyd brought suit against defendants, Joe J. Tritico and Joe J. Tritico, A Professional Law Corporation (hereinafter referred to jointly as "Tritico"), to collect $258,502.00 allegedly due plaintiff as the result of a joint venture. Plaintiff asserts that a joint venture was implicitly formed upon plaintiff and defendant's successful "joint representation" of several personal injury clients (collectively referred to as "Meche"). The trial court found that plaintiff failed to establish the existence of a joint venture; thus, plaintiff was not entitled to one-half of the joint venture's profit, i.e. attorney's fees. Specifying several errors to the trial court, plaintiff argues on appeal that the trial court's decision is contrary to law. We disagree and affirm the lower court's judgment accordingly.
The trial judge's reasons for judgment isolate several salient facts found by him. The findings are well supported by the record; therefore, we adopt the trial judge's reasons for judgment as our own:
"Mr. Joe J. Tritico was retained to represent Mrs. Mary Jane Meche and her children in late 1979 or 1980 in a suit for damages for the wrongful death of Mrs. Meche's husband. The matter was brought to trial after Mr. Tritico conducted full discovery, gathered evidence and prepared the case for trial.
A Trial on the Merits was had at which Mr. Tritico tried the case before a jury and a verdict was returned for the defendant. Tritico then prepared post-trial motions seeking a new trial or in the alternative, a judgment not withstanding the verdict.

*59 The facts show that Mr. Tritico would have to testify at these post trial motions and once he realized that, recognized that he would be called as a witness. He then employed Mr. Jerre Lloyd the plaintiff in this matter, to ask questions of him at the hearing. Mr. Lloyd had a prior association with Mr. Tritico and at the time was sharing office space in the offices that Mr. Tritico had his law office located in. There was no specific agreement between Mr. Tritico and Mr. Lloyd regarding the fee, but the evidence reflects that Mr. Lloyd was aware of the policy of the office insofar as sharing of these fees. That policy allowed Mr. Tritico to set the fees based upon the time that Mr. Tritico had involved in the case and the work that Mr. Lloyd put into the case. Past experience that Mr. Lloyd had with Mr. Tritico in regard to sharing fees, indicates that Mr. Lloyd allowed this to happen.
Mr. Lloyd appeared at the post-trial motions and questioned Mr. Tritico. The Third Circuit denied all post-trial motions [sic]. Mr. Tritico then took an appeal and had Mr. Lloyd assist him in the preparation of the brief. Mr. Tritico alone argued the appeal which was unsuccessful. Mr. Tritico then had Mr. Lloyd assist him in preparing application for supervisory review before the Supreme Court of Louisiana.
The record reflects that Mr. Lloyd did not argue the case at the trial court on the merits. That he made no oral arguments whatso ever [sic] in this case from beginning to end. That he was not retained by Mr. Tritico to assist in the prosecution of this suit until after a trial on the merits had been held and that his responsibility was basically one of brief writing and research. The record further reflects that Mr. Lloyd had no contact of any importance with Mr. Tritico's clients. The record further reflects that Mr. Tritico received a fee of one-third of one million nine-hundred fifty thousand and no/100 ($1,950,000.00) dollars which was the settlement achieved after the satisfactory completion of supervisory writs to the State Supreme Court. Out of this sum, Mr. Lloyd received the sum of one hundred thirty and no/100 ($130,000.00) dollars for his services.
The plaintiff argues that since there was no written agreement between Mr. Lloyd and Mr. Tritico for the sharing of fees, that he should receive one-half of the fee received by Mr. Tritico.
The Court rejects this argument.
The plaintiff contends that he and Mr. Tritico entered into a joint venture or association, but the facts do not show that any such venture or association took place. In order for a joint venture to exist, all parties must consent to the formation of the venture. That was not done here. In order for a joint venture to exist, there must be a sharing of the losses of the venture as well as of its profits. The record reflects that Mr. Lloyd was to share in the profits only and not in the losses or the expenses of the litigation. In order for a joint venture to exist, each party must exercise equal control over the enterprise.
The record reflects that Mr. Tritico had sole authority over the conduct of the suit and the methods of its prosecution. It is evident to this Court due to these facts that no joint enterprise or association existed.
The Court after reviewing all the evidence and hearing the testimony of the witnesses in this matter determines, that the $130,000.00 fee paid to Mr. Lloyd by Mr. Tritico for Mr. Lloyds' work in the prosecution of this particular law suit, was more than fair and adequate. If anything, it was over generous for the amount of work performed by Mr. Lloyd in the prosecution of this suit.
It is this Courts [sic] opinion that Mr. Lloyd was aware of the office practice insofar as the sharing of fees when he associated with Mr. Tritico in the prosecution of this suit, and therefore, should not benefit further by claiming that this prosecution of this suit was a joint venture.
This Court can not stress enough that the compensation paid to Mr. Lloyd was *60 fair, adequate and just compensation for the work that the plaintiff performed.
At the outset, we must distinguish this case from cases where no contingent fee apportionment agreement is made. The equal share rule, first articulated in McCann v. Todd, 203 La. 631, 14 So.2d 469 (1943) and currently followed, Defrancesch v. Hardin, 510 So.2d 42 (La.App. 1st Cir.), writ denied, 513 So.2d 819 (La.1987), is premised on the law of joint venture. Thus, when attorneys jointly undertake to represent a client without contracting for a specific division of fees, they share equally in the fee.
In the case sub judice, the trial court found that plaintiff was aware of Tritico's fee apportionment policy and that plaintiff implicitly agreed to the arrangement. We agree with the trial court's well supported findings and hold that the McCann rule is inapplicable to this case. The facts clearly show that no joint venture between Lloyd and Tritico was ever formed in that (1) there was no mutual intent between the parties to form a joint venture; (2) there was no risk of loss for Lloyd (all litigation expenses were paid by Tritico); and (3) Tritico retained exclusive control over the prosecution of the case. See Pillsbury Mills v. Chehardy, 231 La. 111, 90 So.2d 797 (1956); Whittington v. Sowela Technical Institute, 438 So.2d 236 (La. App.3d Cir.), writ denied, 443 So.2d 591, 592 (La.1983); Marine Services, Inc. v. A-1 Industries, Inc., 355 So.2d 625 (La.App. 4th Cir.1978).
Finally, we reject plaintiff's alternate position that even if he was aware of Tritico's fee policy, that the policy itself constitutes a purely potestative condition making the obligation null. As the obligation would fall, no fee arrangement would be left; therefore, the McCann rule would be triggered. For support, plaintiff cites La.C.C. arts. 2024, 2034, 2035 and 1770.
As noted above, the McCann rule is based on the law of joint venture. For reasons expressed supra, no joint venture between plaintiff and defendant was formed. Were we to hold that a potestative condition nullified the obligation (which we do not), the McCann rule would not be applicable.
The fee apportionment policy of Tritico is as follows: If Tritico assigned a matter to an attorney for its conclusion, the attorney would retain two-thirds of the fee and Tritico would be paid one-third of the fee; if Tritico retained the file, but assigned legal work to be done for the file to an attorney, Tritico would decide at the end of the case the value of the assisting attorney's work and pay the attorney a reasonable fee for his work. We do not find a purely potestative condition therein mandating a nullity under the Code.
Defendant-appellee, Tritico, has answered plaintiff's appeal. Defendant asserts that the appeal is frivolous and prays for $7,500.00 for legal expenses involved in protecting himself on appeal. We find that plaintiff did not abuse his right in asking for a review of his cause. The appeal is not frivolous; therefore, we reject defendant's demand for legal costs.
For the above and foregoing reasons, the judgment of the trial court dismissing C. Jerre Lloyd's suit with prejudice is affirmed. Costs of this appeal are taxed to plaintiff, C. Jerre Lloyd.
AFFIRMED.
NOTES
[*] Honorable Edmund M. Reggie, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.