943 So.2d 504 (2006)
Dennis R. WHALEN
v.
Peyton P. MURPHY.
No. 2005 CA 2446.
Court of Appeal of Louisiana, First Circuit.
September 15, 2006.
Rehearing Denied November 8, 2006.
*505 Dennis R. Whalen, Baton Rouge, Plaintiff/Appellant In Proper Person.
Daniel J. Balhoff, Baton Rouge, Counsel for Defendant/Appellee Peyton P. Murphy.
Before: KUHN, GAIDRY, and WELCH, JJ.
GAIDRY, J.
This matter arises from a dispute over the sharing of attorney's fees. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Peyton Murphy represented the plaintiffs in a matter filed in Federal Court entitled "Michael Eunice, et al v. State of Louisiana, et al, No. 95-385-B-1." Murphy had a contingency fee arrangement with the plaintiffs which provided for a forty percent attorney fee. In October 1995, Murphy contacted Dennis Whalen and requested his assistance with the suit since Murphy lacked experience with civil rights litigation. After reviewing the file and resolving a possible conflict of interest, Whalen enrolled as counsel. Whalen claims that he and Murphy agreed to split the attorney fee equally, but once the Eunice matter was ultimately settled, Murphy told him that he would have to pay a one-third referral fee to Fred Belcher, the attorney who had initially referred the case to him. Murphy sent Whalen a check for one-third of the total attorney's fee, with a stipulation that the check was to represent full and final payment of attorney's fees owed. Whalen returned the check to Murphy, uncashed, and followed it with a demand for payment of fees owed. A suit for attorney's fees was filed on June 7, 2001, and Murphy reconvened with a suit for libel based on a letter Whalen sent to the Attorney Disciplinary Board that Murphy alleges falsely claimed he violated the Code of Professional Responsibility by agreeing to pay and/or paying a referral fee to Belcher.
Whalen filed a motion for summary judgment on July 26, 2001, which was denied by Judge Timothy Kelley. On October 26, 2001, Whalen filed a peremptory exception raising the objections of no cause of action and no right of action as to the reconventional demand. Judge Kelley sustained the exception raising the objection of no cause of action and dismissed Murphy's libel suit with prejudice, thus rendering the exception of no right of action moot.
Whalen filed a second motion for summary judgment on December 20, 2001. Judge Kelley granted this motion and awarded Whalen $52,886.56 in attorney fees, which represented fifty percent of the fee received by Murphy, less a credit of $9,775.50 already paid, plus costs and legal interest from September 27, 2000 until paid.
Murphy filed a motion for new trial, asserting that the summary judgment was contrary to the law and evidence. Judge Kelley granted Murphy's motion for new trial and vacated its earlier summary judgment based on the fact that he had failed to consider Murphy's affidavit filed in opposition to the summary judgment, and had instead considered the motion unopposed.
*506 After Judge Kelley vacated the $52,886.56 judgment in favor of Whalen, Whalen filed a motion seeking to have Judge Kelley adjudicate the alternative grounds for summary judgment set forth in his motion. Whalen's second motion for summary judgment had requested "judgment in the amount of $52,882.56, representing proceeds of an agreement or a joint venture for one half of attorney fees received by Peyton P. Murphy . . . with interest . . . and costs" or, alternatively, "judgment in the amount of $31,996.66, with legal interest . . . and costs, representing the amount judicially confessed by Peyton P. Murphy to be owing to the plaintiff in the fifth paragraph of his Opposing Affidavit to the First Motion for Summary Judgment, reserving mover's rights to pursue the remainder of his claims." In the opposing affidavit referred to by Whalen, Murphy stated that, "Whalen would have been entitled to receive and to be paid $31,996.66 for Whalen's attorney fee, [but] the amount was rejected by Whalen."
Judge Kelley had not addressed the alternative request at the hearing on the second motion for summary judgment because it granted summary judgment in the amount of $52,866.56. Prior to the hearing date on the motion to adjudicate the alternative grounds for summary judgment, Murphy made an unconditional tender of $36,389.11 to Whalen, which mooted the motion.
On January 28, 2003, Whalen filed a motion to have Judge Kelley recused from the case, claiming that Judge Kelley demonstrated bias by vacating the summary judgment previously rendered in favor of Whalen after receiving campaign contributions from Murphy. In his motion to recuse Judge Kelley, Whalen alleges that Murphy originally supported Judge Kelley's opponent and had the opponent's campaign signs displayed in front of his office, but later removed the campaign signs and made several contributions to Judge Kelley's campaign. Whalen alleges that Judge Kelley changed his mind and vacated the summary judgment because of Murphy's contributions to his campaign. Judge Kelley declined to recuse himself, and the recusal was set for hearing before Judge Janice Clark.
Whalen subpoenaed Bruce Craft, Judge Kelley's opponent, to testify at the hearing on the motion to recuse. Craft filed a motion to quash the subpoena, claiming it sought nothing more than to "elicit speculative questioning and inflammatory discourse that both fails to advance the issues involved in this litigation and attempts to improperly embarrass, humiliate, and otherwise deprecate the witness, other officers of the Court, and the institution of judge." Alternatively, Craft requested an in camera examination of his testimony so the court could determine whether his testimony's relevance would be outweighed by the risk of undue prejudice and confusion of the issues. After an in camera examination of Craft's testimony, Judge Clark granted the motion to quash Craft's testimony, and subsequently denied the motion to recuse Judge Kelley after finding no evidence that Judge Kelley was biased in favor of Murphy.
On February 19, 2004, Whalen filed another motion to have Judge Kelley recused on different grounds. Judge Kelly denied the motion to recuse, noting "Per CCP art 154, no valid ground for recusation has been set forth." After applications for writs to both this court and the supreme court were denied, this matter proceeded to trial.
After a bench trial, Judge Kelley rendered judgment in favor of Murphy and against Whalen, dismissing all of Whalen's claims with prejudice, at Whalen's cost. *507 Judge Kelley found that Whalen was entitled to a share of the attorney's fees received in the Eunice matter, but that the amount already tendered, which equaled approximately one-third of the total fee, was sufficient compensation for the work he performed.
Whalen appealed devolutively, assigning the following errors:
1. Judge Clark erred in quashing the subpoena for Bruce Craft.
2. Judge Clark erred in refusing to recuse Judge Kelley.
3. Judge Kelley erred in holding that Whalen was required to prove all elements of a joint venture under McCann v. Todd and its progeny.
4. Judge Kelley erred in applying Lloyd v. Tritico to the facts of this case.
5. Judge Kelley erred in applying quantum meruit to the facts of this case.
6. Judge Kelley erred in dismissing Whalen's claims for all sums above one-third.
7. Judge Kelley erred in not awarding Whalen $52,882.56 in fees.
8. Alternatively, Judge Kelley erred in not awarding Whalen eighty-five percent of the total fee under quantum meruit.
9. Judge Kelley erred in taxing costs against Whalen.

DISCUSSION

The May 10, 2005 Judgment Dismissing Whalen's Suit
In the absence of a fee-splitting agreement between the parties, the method of sharing attorney's fees depends upon whether or not the attorneys are engaged in a joint venture. In the absence of any agreement or custom to the contrary, attorneys engaged in a joint venture share equally in the profits, while attorneys employed severally receive the reasonable value of their services. See McCann v. Todd, 203 La. 631, 638-640, 14 So.2d 469, 471-72 (1943). In order for a joint venture to exist, the parties must consent to the formation of the venture, share in the losses as well as the profits of the venture, and exercise equal control over the enterprise. Lloyd v. Tritico, 527 So.2d 57, 60 (La.App. 3rd Cir.) writ denied, 528 So.2d 154 (La. 1988).
After the trial on the merits, Judge Kelley found that while there was no written contract between Whalen and Murphy, they had agreed that Whalen would assist Murphy with the suit and that they would split the fees. No specific percentages were discussed for this fee splitting. Since there was no specific agreement, either written or verbal, the issue becomes whether or not the parties were engaged in a joint venture. Judge Kelly found that Whalen had failed to put forth sufficient proof of any mutual intent between the parties to form a joint venture. Judge Kelly found no meeting of the minds as to what their arrangement would actually be. Additionally, Judge Kelley noted that Whalen did not share any of the risk of loss with Murphy. The only element of a joint venture which Judge Kelley did find to exist was that the parties did have joint control over the prosecution of the case. Regardless of the joint control, the lack of intent to form a joint venture and the absence of risk sharing prevented the court from finding a joint venture between the parties.
Because this was not a case of a joint venture, Judge Kelley turned to quantum meruit to determine the proper division of the fee. He noted that both Whalen and Murphy had done a significant amount of work on the Eunice case. Since there *508 were no timesheets in the record, Judge Kelley considered the parties' trial testimony as well as the judge's finding in the Eunice case as to the number of hours put in by each attorney, and concluded that approximately two-thirds of the work was done by Murphy and one-third was done by Whalen. Based on this finding, Judge Kelley concluded that the fees that Whalen had already received were appropriate compensation for his services. Based on the evidence contained in the record, we find no error in the trial court's conclusion that no joint venture existed or in its apportionment of the fees.

The April 14, 2003 Judgment Quashing Whalen's Subpoena
Bruce Craft sought to have Whalen's subpoena for his testimony quashed on the grounds that he had nothing relevant to add on the topic of Judge Kelley's recusal. Craft had no knowledge as to what Judge Kelley said or did during the period in question. The grounds for recusing Judge Kelley raised in the motion are found in Louisiana Code of Civil Procedure article 151(B)(5), which states that a trial court judge may be recused when he is "biased or prejudiced toward or against the parties or the parties' attorneys to such an extent that he would be unable to conduct fair and impartial proceedings." Whalen claims that Judge Kelley was biased in favor of Murphy because Murphy made several contributions to Judge Kelley's reelection campaign. The only connection Mr. Craft had to this issue is the fact that at one time his campaign signs were displayed in front of Murphy's office. Whalen claims that Mr. Craft told him that Murphy told him that he was "changing horses" because he had a big case (this suit) in front of Judge Kelley and that if he helped Judge Kelley, Judge Kelley would help him. However, Mr. Craft tells a different story. He claims that he spoke to Murphy by telephone after some of his campaign signs in front of Murphy's office came down, and Murphy told him that the reason he took them down was that he had a big case going before Judge Kelley. Mr. Craft denied that Murphy ever told him that he expected "help" from Judge Kelley, and Craft had no conversations with Judge Kelley about Murphy. The issue on the motion to recuse is whether Judge Kelley was actually biased in favor of Murphy to such an extent that he would be unable to conduct fair and impartial proceedings. We fail to see what relevance Mr. Craft's testimony has to that issue. The trial court did not abuse its discretion in granting the motion to quash Mr. Craft's testimony.

The May 22, 2003 Judgment Denying Whalen's Motion to Recuse
Murphy testified at the hearing on the motion to recuse Judge Kelley that the Craft campaign signs in front of his office were placed there without his permission, that he removed them immediately, and that his only statement concerning their removal to Mr. Craft was that he would not support him against an incumbent. Murphy denied telling Mr. Craft that he had a big case in front of Judge Kelley. Murphy also denied that the purpose of his campaign contribution to Judge Kelley was to obtain a favorable outcome in this case. At the hearing on the motion for new trial, Judge Kelley stated that he was vacating the summary judgment because he had failed to consider Murphy's opposing affidavit, which created an issue of fact, when granting the summary judgment. Based on the evidence before the court on the motion to recuse, Judge Clark ruled that Whalen failed to meet his burden of proving by a preponderance of the evidence that Judge Kelley was biased in favor of Murphy to such an extent that he would be *509 unable to conduct fair and impartial proceedings.
A judge is presumed to be impartial. Couvillion v. Couvillion, 00-143, p. 9 (La.App. 5th Cir.9/26/00), 769 So.2d 747, 753, writ denied, 00-3185 (La.1/12/01), 781 So.2d 562. The grounds for recusal enumerated in Louisiana Code of Civil Procedure article 151 are exclusive and do not include a "substantial appearance of the possibility of bias" or even a "mere appearance of impropriety" as causes for removing a judge from presiding over a given action. Article 151 requires a finding of actual bias or prejudice, which must be of a substantial nature and based on more than conclusory allegations. Southern Casing of Louisiana, Inc. v. Houma Avionics, Inc., 00-0193, 00-1930, p. 15 (La. App. 1 Cir. 9/28/01), 809 So.2d 1040, 1050.
We find no abuse of discretion in Judge Clark's denial of the motion to recuse. Although the record establishes that Judge Kelley vacated the previously-granted summary judgment in favor of Whalen after receiving a campaign contribution from Murphy, the evidence simply does not establish actual bias. This assignment of error is meritless.

Assessment of Costs
Whalen's ninth assignment of error concerns the assessment of costs against him by Judge Kelley. While Whalen does not argue this assignment of error, we note that article 1920 of the Louisiana Code of Civil Procedure provides that:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
We find no error in the taxing of all costs to Mr. Whalen.

DECREE
The trial court judgments appealed from are affirmed. Costs of this appeal are to be borne by appellant, Dennis R. Whalen.
AFFIRMED.