STATE OF LOUISIANA

VERSUS

ARMANDE TART

NO. 23-K-406

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 17-1736, DIVISION "H"
HONORABLE DONALD M. FENDLASON, JUDGE AD HOC, PRESIDING

March 20, 2024

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Timothy S. Marcel

<u>**AFFIRMED**</u>
**SJW**
**SMC**
**TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
ARMANDE TART
  Zachary W. Orjuela
  Paul C. Fleming, Jr.

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
  Thomas J. Butler

**WINDHORST, J.**

Relator, Armande Tart, seeks review of the trial court's July 19, 2023 ruling denying his motion to recuse the bench of the 24th Judicial District Court ("24th JDC"). Relator contends the trial court erred in denying the motion because Judge Donald Rowan's familial relationship with a decedent in this homicide case establishes a substantial and objective basis that prevents his colleagues from conducting the proceedings in a fair and impartial manner.

**PROCEDURAL HISTORY and FACTS**

Relator was charged with four counts of first degree murder, one count of attempted first degree murder, and one count of obstruction of justice. One of the deceased victims, Harold Frisard, is the first cousin of Judge Rowan. Relator filed a motion to recuse the trial judge and the entire bench of the 24th JDC. On August 9, 2022, Judge Brindisi recused himself based on his close friendship with Judge Rowan and the fact that he would have met the decedent's mother at family functions held by Judge Rowan's family. Judge Brindisi granted relator's request to have an *ad hoc* appointed for further proceedings.[1] Relator subsequently filed a supplemental motion to recuse, and a second supplemental motion to recuse wherein relator contended that a substantial and objective basis existed for the recusal of the entire 24th JDC pursuant to La. C.Cr.P. art. 671 B.

Judge Franz Zibilich was assigned *ad hoc* by the Louisiana Supreme Court to hear relator's motion to recuse the bench of the 24th JDC. On September 8, 2022, at relator's motion to recuse hearing, Judge Zibilich disclosed that he had a dating relationship with the First Assistant District Attorney of the 24th JDC. Defense counsel orally moved to recuse Judge Zibilich, which was denied.

---

[1] While relator's motion to recuse the bench of the 24th JDC was pending, the case was re-allotted to Division B, Judge Christopher Cox. Judge Cox filed an order recusing himself.

23-K-406                                      1

During the hearing, Judge Rowan testified that (1) he was estranged from his first cousin, Harold Frisard; (2) the last time he saw Harold was in 2005 or 2006; (3) he was not close with Harold; (4) they did not care for one another and they did not get along; (5) he did not become aware Harold was killed until sometime in 2017; (6) he did not go to Harold's funeral; (7) he did not discuss his relationship with Harold with any member of the bench at the 24th JDC, nor did he attend any hearings or proceedings in this case; (8) he keeps his private life private; and (9) Harold's mother never attended his annual crawfish boil at his house wherein some members of the bench have attended. After argument of counsel, Judge Zibilich denied relator's motion to recuse the bench of the 24th JDC, but ordered Judge Rowan's recusal.[2]

Relator applied to this court for supervisory writs contending that Judge Zibilich erred in denying the oral motion to recuse himself and erred in granting his motion to recuse as to Judge Rowan only, and not the remaining judges of the 24th JDC bench. This court pretermitted relator's second assignment of error and found that Judge Zibilich was required to recuse himself or refer the motion for hearing to another judge or to an *ad hoc* judge. State v. Tart, 22-439 (La. App. 5 Cir. 09/29/22), 350 So.3d 596, 598.

The Louisiana Supreme Court appointed Judge Donald M. Fendlason *ad hoc* to hear relator's motion to recuse Judge Zibilich. After a hearing, Judge Fendlason granted relator's motion to recuse Judge Zibilich. On June 8, 2023, the Louisiana Supreme Court issued an amended order assigning Judge Fendlason *ad hoc* for the purpose of hearing and disposing of relator's motion to recuse the remaining judges of the 24th JDC.

---

[2] Although both the State and defense counsel informed Judge Zibilich that the recusal at issue was not as to Judge Rowan, but the recusal of the bench of the 24th JDC, Judge Zibilich found that if the case was allotted to Judge Rowan, it would be a mandatory recusal and thus, ordered Judge Rowan's recusal.

On July 19, 2023, a hearing on relator's motion to recuse was held. The State submitted a copy of the transcript of Judge Rowan's prior testimony at the September 8, 2022 hearing, and the State and defense counsel argued and submitted the matter. Judge Fendlason denied relator's motion to recuse the remaining judges of the 24th JDC. This writ application followed.

In this writ application, relator contends the bench of the 24th JDC should be recused due to the familial relationship between one of their judges and one of the decedents in this homicide case pursuant to La. C.Cr.P. art. 671 A(6) and 671 B,[3] the judicial canons and recent decisions from this court and the Louisiana Supreme Court. Relator asserts that (1) the judges in the 24th JDC associate closely with one another; (2) their chambers and courtrooms are in the same courthouse; (3) they consult with one another to decide a myriad of issues concerning the administration of the court and oversight of the court, including electing a chief judge, holding regular meetings, and working together in committees; and (4) they administer and oversee programs essential to the administration of justice. Relator avers that as a part of their professional obligations, the 24th JDC judges are regularly called upon to interact with and collaborate with each other, to deliberate and to vote on matters concerning the district court.

Relator contends an *ad hoc* judge does not share such a "close bond." He asserts Judge Rowan's colleagues on the 24th JDC bench will be unable to try the case fairly and impartially due to their close professional association with him. Moreover, relator alleges that having one of Judge Rowan's colleagues preside over a trial seeking to assign culpability for the killing of his cousin tends to undermine

---

[3] La. C.Cr.P. art. 671 provides in pertinent part:

A. In a criminal cause, a judge of any trial or appellate court shall be recused upon any of the following grounds:

\* \* \*

(6) The judge would be unable, for any other reason, to conduct a fair and impartial trial.

B. In a criminal cause, a judge of any trial or appellate court shall also be recused when there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner.

public confidence in the integrity and impartiality of the judiciary. Consequently, relator seeks recusal of the bench of the 24th JDC and the appointment of an *ad hoc* judge to preside over this case.

**LEGAL STANDARD FOR RECUSAL and ANALYSIS**

Judges are presumed to be impartial. To rebut that presumption, the party moving for recusal has the burden of introducing evidence to prove facts constituting grounds for recusal, and cannot rely on mere allegations or conclusory opinions. Slaughter v. Board of Sup'rs of Southern University and Agr. and Mechanical College, 10–1114 (La. App. 1 Cir. 08/02/11), 76 So.3d 465, 471, writ denied, 11–2112 (La. 01/13/12), 77 So.3d 970; Southern Casing of Louisiana, Inc. v. Houma Avionics, Inc., 00-1930, 00–1931 (La. App. 1 Cir. 09/28/01), 809 So.2d 1040, 1050; Whalen v. Murphy, 05–2446 (La. App. 1 Cir. 09/15/06), 943 So.2d 504, 509, writ denied, 06–2915 (La. 03/16/07), 952 So.2d 696; Couvillion v. Couvillion, 00–143 (La. App. 5 Cir. 09/26/00), 769 So.2d 747, 753, writ denied, 00–3185 (La. 01/12/01), 781 So.2d 562; England v. England, 16–936, 16–1229 (La. App. 4 Cir. 06/28/17), 223 So.3d 582, 587.

The grounds for recusal listed in La. C.C.P. art. 151 A and B are exclusive, and an appearance or inference of impropriety is not a ground. Slaughter, 76 So.3d at 471; Southern Casing of Louisiana, Inc., 809 So.2d at 1050; Whalen, 943 So.2d at 509; Couvillion, 769 So.2d at 753; England, 223 So.3d at 587; State in Interest of N.B., 52,002 (La. App. 2 Cir. 03/16/18) 248 So.3d 532, 537, writ denied, 18–617 (La. 05/25/18), 243 So.3d 568. A judge can only be removed for actual bias or prejudice. The bias, prejudice, or personal interest alleged must be of a substantial nature and based on more than conclusory allegations. Slaughter, 76 So.3d at 471; Southern Casing of Louisiana, Inc., 809 So.2d at 1050; Covington v. McNeese State Univ., 10–250 (La. 04/05/10), 32 So.3d 223, 225.

23-K-406                                                    4

In the case before this court, mover has not offered any evidence to support any ground for recusal, but suggests that because of their association, occasional interaction, and physical proximity, judges of the 24th JDC could not be fair and impartial, and such would "undermine public confidence in the integrity and impartiality of the judiciary." This contention is speculative and conclusory. Such speculation or inferences do not support recusal, and this contention is undermined in this case by the prior voluntary recusals of at least two other judges of the 24th JDC, who gave specific reasons. There is no indication that other judges of the 24th JDC have or would discuss this case among themselves, that they necessarily "share a close bond," or that they would attempt to retain this case if he or she felt any bias.

The State offered contrary evidence to show that recusal of the remaining judges of the 24th JDC was not justified. Admitted into evidence was Judge Rowan's previous extensive testimony to the effect that he was estranged from his cousin, the alleged victim, Mr. Frisard, and that they did not get along, that they had not seen each other in many years, that he had not attended Mr. Frisard's funeral, etc. Significantly, Judge Rowan also testified that he had never mentioned Mr. Frisard or their familial relationship to any other judge, and did not attend any hearing in the case. Judge Rowan's testimony was uncontradicted.

La. C.C.P. art. 151 B was enacted and became effective in 2021, and added an additional, mandatory ground for recusal. Anderson v. Dean, 22–233 (La. App. 5 Cir. 07/25/22), 346 So.3d 356, 367. La. C.C.P. art. 151 B now provides:

> B. A judge of any trial or appellate court **shall also be recused when** there exists a **substantial** and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner. [Emphasis added.]

This provision is consistent with the similar requirement of Canon 3(C) of the Code of Judicial Conduct.

As stated above, relator/mover has not offered, and the record does not contain evidence to support a showing that there exists a substantial and objective basis that would reasonably be expected to prevent the remaining judges of the 24th JDC from presiding fairly and impartially. Viewing this matter objectively, the mere association and proximity of the judges of the 24th JDC, with nothing more, does not lead to a substantial, reasonable expectation that the other judges would be prevented from conducting any aspect of the cause in a fair and impartial manner.

Based on a review of the record of this case, and giving due consideration of the arguments made under La. C.C.P. art. 151 B, this court is satisfied that a substantial and objective basis that would reasonably be expected to prevent the remaining judges of the 24th JDC from conducting any aspect of the cause in a fair and impartial manner simply does not exist, and that the *ad hoc* judge, Judge Fendlason, was not in error in his denial of the recusal of the remaining judges of the 24th JDC.

**DECREE**

Upon review of the writ application, attachments thereto, and evidence, we find no error in the trial court's denial of relator's motion to recuse the remaining judges of the 24th JDC. The evidence does not support a finding of actual bias or prejudice against relator by any other judge of the 24th JDC, nor does it support a finding of a substantial and objective basis that would reasonably be expected to prevent any other judge of the 24th JDC from being fair and impartial. Accordingly, we affirm the trial court's denial of relator's motion to recuse the remaining judges of the 24th JDC.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 20, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-K-406**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. DONALD M. FENDLASON (DISTRICT JUDGE)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
THOMAS J. BUTLER (RESPONDENT)

### MAILED
PAUL C. FLEMING, JR. (RELATOR)
ATTORNEY AT LAW
848 SECOND STREET
THIRD FLOOR
GRETNA, LA 70053

ZACHARY W. ORJUELA (RELATOR)
ATTORNEY AT LAW
THE CAPITAL APPEALS PROJECT
1024 ELYSIAN FIELDS AVENUE
NEW ORLEANS, LA 70117